UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICK C. McCANN, et al.                                                                              PLAINTIFFS

V.                                                                    CIVIL ACTION NO.: 3:10-CV-52-DPJ-FKB

W.C. PITTS CONSTRUCTION CO., INC., et al.                                                    DEFENDANTS

ORDER

This wage-and-hour dispute is before the Court on Defendants' Motion to Dismiss [37], originally asserted as an *ore tenus* motion at the close of Plaintiffs' evidence in a two-day bench trial.  The Court, having considered the parties' post-trial submissions [38, 39, 40] in light of applicable law, concludes that Plaintiffs failed to offer proof of coverage under 29 U.S.C. § 207(a)(1).  Defendants' motion should be granted.

I.      Facts and Procedural History

Former employees of W.C. Pitts Construction Co., Inc. brought this lawsuit for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.  A bench trial was held on February 7 and 8, 2012, at which Plaintiffs offered the testimony of the seventeen remaining plaintiffs, defendant Billy D. Pitts, and two Pitts office employees.  After Plaintiffs rested, Defendants moved to dismiss, arguing that Plaintiffs failed to present evidence on an essential element of their FLSA claims:  that Plaintiffs are covered by the FLSA's overtime-wages provisions.

II.     Analysis

The FLSA mandates:

> no employer shall employ any of his employees who in any
> workweek is engaged in commerce or in the production of goods
> for commerce, or is employed in an enterprise engaged in

> commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). The FLSA thus provides "individual coverage" for employees "engaged in commerce," and "enterprise coverage" for employees "employed in an enterprise engaged in commerce." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.* Plaintiffs do not now argue—and have never established—that Pitts's gross receipts exceeded $500,000 annually as required to prove enterprise coverage. 29 U.S.C. § 203(s)(1). Instead, Plaintiffs oppose Pitts's motion arguing (1) that their work at Camp Shelby qualifies for individual coverage; and (2) Pitts waived objection to the coverage requirement. The Court will examine both issues.

    A.    Coverage

Plaintiffs argue that they were individually "engaged in commerce" for purposes of the FLSA. "The test . . . for FLSA's 'engaged in commerce' requirement is 'whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity.'" *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (per curium) (quoting *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curium)). In arguing for individual coverage, Plaintiffs ask the Court to take post-trial judicial notice that Camp Shelby, the military base at which Plaintiffs worked, is a mobilization station for National Guard and Reserve troops and therefore an instrumentality of commerce. Fed. R. Evid. 201 (court may take judicial notice of adjudicative facts that are either "generally known within the trial court's territorial

jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 213 (1959) ("[Military air] bases are used for interstate commerce, at least to the extent that interstate flights both land at and take off from them, and men, materials, and mail move through them from distant points.").

Assuming that the Court could properly take judicial notice that Camp Shelby is a mobilization station and therefore an instrumentality of commerce, Plaintiffs have not shown that their work was "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it." *Sobrinio*, 474 F.3d at 829 (citation and internal quotation marks omitted).  In *Wirtz v. B. B. Saxon Co.*, the Fifth Circuit considered the extent to which various classes of individuals employed at a military base were engaged in commerce, noting that it was "necessary to investigate the relationship between the work of the individual employees to the interstate-commerce function of the base."  365 F.2d 457, 461 (5th Cir. 1966); *see also id.* ("There is, in our view, no more reason to hold that an entire military installation is engaged in commerce simply because a part of the land included within the base is used for that purpose than to hold that an entire town is engaged in commerce because a portion of the town's business is."); *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959) ("To determine [whether employees are 'engaged in commerce'], we focus on the activities of the employees and not on the business of the employer."  (citations omitted)). The *Wirtz* court concluded that employees who hauled fuel to planes, operated tanks, repaired motor vehicles, provided on-base transportation, and maintained "runways, taxiways, and warm-up pads" that were "closely related to . . . interstate flights" were engaged in commerce for

3

purposes of the FLSA. *Wirtz*, 365 F.2d at 461–62. On the other hand, the court held that janitorial staff and employees who maintained the base water and sewage facilities, controlled insects and rodents throughout the base, operated the housing administration office, and kept time records were not "so closely related to the commerce of the [base] as to be a part of it." *Id.* at 462. This was true even as to custodians who cleaned "such buildings as the bank and post office, which did house instrumentalities of interstate commerce . . . because of the nature of their activities." *Id.*

Here, the evidence showed that Plaintiffs performed maintenance work at Camp Shelby: they worked with brush-hogging tractors, hauled gravel, and operated chainsaws and string trimmers. They also argue that they maintained a firing range. But these general maintenance tasks are analogous to the non-covered work of the janitorial staff in *Wirtz* and distinguishable from the FLSA-covered functions performed by the *Wirtz* employees who worked on planes, tanks, and runways. Absent some evidence tying Plaintiffs' work to specific interstate functions of the base, these activities are not "so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it." *Sobrinio*, 474 F.3d at 829 (citation and internal quotation marks omitted). Plaintiffs have failed to establish individual coverage under the FLSA, and their claims are therefore subject to dismissal absent an effective waiver.

    B.    Waiver

Plaintiffs argue that Defendants waived the coverage issue in two ways: (1) by admitting partial liability to several Plaintiffs and (2) by failing to preserve the coverage issue in the Pre-

Trial Order. Plaintiffs' first argument presents the closer question, but neither merits rejection of Defendants' motion.

Starting with Defendants' pre-trial pleadings, the Court noted in its Order on Defendants' Summary Judgment Motion that Pitts admitted "fail[ure] to properly pay overtime" at least as to some Plaintiffs.[1] Order [29] Sept. 11, 2011, at 11. For example, Defendants stated in conclusion that "[i]f Summary Judgment is granted, Defendants agree to pay the following overtime compensation . . . ." Defs.' Mem. [22] at 19. According to Plaintiffs, this waived the coverage issue, but waiver "is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), *overruled on other grounds, Edwards v. Arizona*, 451 U.S. 477 (1981). And it is important to note that a party need not contest every available issue in a summary-judgment motion. Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought." (Emphasis added)). The memorandum in this case simply ignored the coverage issue, and never directly admitted that Plaintiffs had established coverage. Instead, Defendants "agree[d] to pay" comparatively insignificant sums that might survive summary judgment if the Court accepted their other arguments for dismissal. Plaintiffs cite no helpful authority for their contention that this conduct forever waived Defendants' right to contest the coverage issue.

---

[1] As Plaintiffs note, the Court also observed that Pitts initially denied being an "employer" as defined by the FLSA, but abandoned this issue in subsequent pleadings. But "employer" is defined in § 203(d), and the issue at hand is whether enterprise or individual coverage exists under § 207(a)(1).

If the procedural history ended here, the issue would be exceptionally close. But as both parties note, the case proceeded to trial based on a jointly-submitted pretrial order. Pre-Trial Order [32] Feb. 6, 2012. Generally speaking, "a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000) (citations and internal quotation marks omitted).

The Pre-Trial Order entered in this case gave Plaintiffs ample notice that coverage was disputed. To begin, the Pre-Trial Order listed as a remaining jurisdictional question "[w]hether Plaintiffs can establish gross income sufficient to trigger [enterprise] coverage under the Fair Labor Standards Act"; included as a contested issue of fact whether "the defendants violate[d] the overtime provisions of the FLSA"; and included as a contested issue of law whether "Plaintiffs [have] met the jurisdictional requirements of the Act." Pre-Trial Order [32] ¶¶ 6; 9(b)(4); 9(c)(3). Most significantly, the Pre-Trial Order included "facts . . . established by the pleadings, by stipulation, or by admission," to which the parties answered "*none*." *Id*. ¶9(a) (emphasis added). Plainly, Defendants contested coverage, and if Plaintiffs believed Defendants waived that right, they themselves waived the waiver by failing to raise it prior to Defendants' post-trial motions. More specifically, the Court conducted a pre-trial conference during which the parties' Pre-Trial Order was reviewed in detail. Plaintiffs could have easily raised this issue then by objecting to the jurisdictional issues in paragraphs 6 and 9(c)(3) or the lack of *any* facts established by stipulation, admission, or the pleadings. *Id*. ¶ 9(a).

Having said that, Plaintiffs note a couple of issues with the Pre-Trial Order that they believe support waiver. As Plaintiffs note, Defendants' facts included damage estimates. *Id*. at

6

¶ 8(b). But Defendants also stated that the estimates were provided "for the purpose of argument only, and without waiving any of their defenses." Plaintiffs also correctly note that the Pre-Trial Order did not specifically reference individual coverage—as opposed to enterprise coverage referenced in ¶ 6. There are three problems with that argument. First, the Pre-Trial Order contains no stipulations or admissions. Second, the Pre-Trial Order generally lists "jurisdictional requirements" as a disputed issue of law.[2] Third, even if the Pre-Trial Order omitted all reference to individual coverage, that would not help Plaintiffs' argument.

Looking at the third issue more closely, the Court first notes that Plaintiffs *never* properly asserted coverage under the FLSA—the issue has essentially been forgotten from the outset. In the Amended Complaint, Plaintiffs alleged that Pitts "is an employer as defined by the [FLSA]," and that Plaintiffs "were employees as that term is defined by the [FLSA]." Pls.' Amd. Comp. [9] ¶¶ 3–4. Employer and employee status is addressed in § 203 of the FLSA, but Plaintiffs never pleaded facts supporting either individual or enterprise coverage under § 207. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Thus, it has never been clear which theory they pursued.

Second, there is no apparent reason why Defendants would include a more specific reference to individual coverage. Again, Plaintiffs never differentiated between the two, but if Defendants were left to guess which theory Plaintiffs would pursue, enterprise coverage would seem more likely. As noted above, the employees provided landscape maintenance and were not

---

[2]There is some dispute whether coverage is jurisdictional or simply an element of a plaintiff's case. Though not necessary for this ruling, it appears that coverage is not jurisdictional for the reasons stated in *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007). If it is jurisdictional, then it cannot be waived. Regardless, courts use jurisdictional language while recognizing that coverage must be established, *see, e.g.*, *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 & n.5 (11th Cir. 2008) (per curium), and it is clear from paragraph 6 of the Pre-Trial Order that Defendants likewise referenced coverage in jurisdictional terms.

engaged in commerce. It is, therefore, not surprising that Defendants focused on enterprise coverage in the Pre-Trial Order. Of course they also raised jurisdiction generally in the disputed issues of law, and did not agree to any stipulations or admissions in paragraph 9(a).

The final problem for Plaintiffs is that the "forgotten issue"—assuming it was not jurisdictional and therefore subject to waiver—is an element of Plaintiffs' FLSA claims on which they bear the burden of proof. *See Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (explaining that plaintiff must establish FLSA coverage). The Fifth Circuit considered a similar situation in *Pacific Indemnity Company v. Broward County*, concluding that "[n]othing in Rule 16 . . . nor in the local rule involved here suggests that a party waives or admits an issue as to which his opponent has the burden of proof by failing to include the issue in his pre-trial stipulated list of remaining issues." 465 F.2d 99, 103 (5th Cir. 1972), *quoted in Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118 (5th Cir. 1983). To find that Defendants waived coverage by failing, in the pre-trial stipulation, to remind Plaintiffs of the burden they bear "would strain the logic of our adversarial system and would destroy much of the usefulness of a pre-trial order as a device to reduce and limit issues at trial." *Id.* at 104. Under *Pacific Indemnity Co.*, Defendants' failure to explicitly preserve the issue of individual coverage in the Pre-Trial Order did not absolve Plaintiffs of having to establish coverage under the FLSA—an essential element of their claim. And Plaintiffs' failure to establish coverage mandates dismissal of their FLSA claims.

III.    Conclusion

The Court views this holding as unfortunate in light of the other facts. That said, Plaintiffs had the burden of proving the essential elements of their claim—the Pre-Trial Order

reflected that need—and Plaintiffs should have either addressed the matter during pre-trial conference or put forth their evidence.  As the record now stands, there is no proof that Defendants were ever subject to the FLSA, and their motion to dismiss [37] must therefore be granted.  Plaintiffs' claims are dismissed with prejudice.  A separate judgment will be entered in accordance with Rule 58.[3]

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]Defendants' Motion to Dismiss acknowledges that three employees, Darnell Cameron, Patrick Fisher, and Bernard Gray, may require different analysis.  Cameron and Fisher were drivers, and the parties dispute whether Defendants waived the right to rely on the Motor Carrier Act Exemption found in § 213(b)(1).  But Defendants also argue, without response from Plaintiffs, that they paid Cameron and Fisher overtime while employed as drivers.  Defs.' Mem. [38] at 2–3.  The Court agrees with that unrebutted factual argument and notes that the payment of overtime to drivers emphasized potential willfulness in failing to pay overtime to other laborers.  Defendants also claim that Gray is not entitled to overtime for a two-week assignment in Louisiana due to the non-recurrent and irregular nature of the work.  Defs.' Mem. [38] at 3.  Again, Plaintiffs did not address the issue, and the Court concludes that dismissal is appropriate as to Cameron, Fisher, and Gray.